20-1356-cv
*Hearn v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

JOHN B. HEARN,

> *Plaintiff-Appellant*,

> v.                                                                          20-1356

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF TRANSPORTATION, UNITED STATES MERCHANT MARINE ACADEMY, MIKEL STROUD, JAMES A. HELIS,

> *Defendants-Appellees*.*

_____

For Plaintiff-Appellant:                    MICHAEL D. CASSELL, Hogan & Cassell, LLP, Jericho, NY

---

\* The Clerk of Court for the U.S. Court of Appeals for the Second Circuit is respectfully directed to amend the official caption as shown above.

1

For Defendants-Appellees:           VARUNI NELSON & DIANE C. LEONARDO *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John B. Hearn appeals from the district court's grant of Defendants' motion for summary judgment and denial of Hearn's cross-motion for summary judgment, dismissing Hearn's claims under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA"), and the Due Process Clause of the Fifth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review the district court's grant of summary judgment *de novo*. *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017). On Hearn's procedural due process claim, we examine whether "the school has 'fully informed [Hearn] of the faculty's dissatisfaction with [his] progress and the danger that this posed to timely graduation and continued enrollment,'" and whether the U.S. Merchant Marine Academy's "ultimate decision to dismiss [him] was careful and deliberate." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 191 (2d Cir. 2015) (quoting *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978)). On his substantive due process claim we look to whether there was "a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). And finally, we determine whether, as required by the APA, "[t]here [was] sufficient evidence in the

record to provide rational support for the choice made by the [Academy]." *Const. Pipeline Co., LLC v. N.Y. State Dep't of Envtl. Conservation*, 868 F.3d 87, 102 (2d Cir. 2017) (internal quotation marks omitted). For Hearn's APA claim in particular, our review is limited, as the district court correctly asserted, to "whether the administrative record adequately supports the Academy's decision, not whether it was proper in light of all the evidence unearthed during discovery." App'x 1644–45 (citing *Brodsky v. U.S. Nuclear Regulatory Comm'n*, 704 F.3d 113, 119 (2d Cir. 2013)).

On independent review of the record and relevant case law, we can find no error in the district court's conclusions on any of Hearn's claims. The Academy disenrolled Hearn after he failed six courses, including the same course *twice*, as reflected in Hearn's official transcript, and after four separate referrals to the school's Academic Review Board ("ARB"). The Academy had more than generously granted him two prior opportunities to get his grades on track through a prior period of academic probation and then probationary setback, but Hearn continued to violate the terms of his probation agreements, which required that he not fail any additional course. Hearn was also afforded the opportunity to appeal the recommendation of the ARB in a hearing with the Dean of Students (Mikel Stroud), the Academic Dean (Preston DeJean), and the Superintendent (James Helis), which was conducted in accordance with the Academy's Academic Policies Handbook. Finally, Hearn argues that he was entitled to more elaborate process because his disenrollment was disciplinary rather than academic. Hearn had a previous disciplinary incident for which he was sanctioned short of disenrollment after a process that he does not challenge. While that prior disciplinary action was mentioned during his disenrollment proceeding, the Academy has the discretion to "consider[] and weigh[] a variety of factors" in its academic evaluation of Hearn. *Horowitz*, 435 U.S. at 91 n.6. Hearn offers no evidence that

3

suggests that the disenrollment process, which the undisputed evidence shows was instituted for academic reasons, focused on academic matters, and resulted in Hearn's disenrollment based on his multiple academic failures, was disciplinary rather than academic. On these facts, we conclude that the Academy's decision to disenroll Hearn was rational, "careful and deliberate," *Dean*, 804 F.3d at 191 (quoting *Horowitz*, 435 U.S. at 85), and within "accepted academic norms." *Ewing*, 474 U.S. at 225. Moreover, any alleged factual dispute asserted by Hearn was fully considered and addressed by the court below. Our independent review of the record compels us to affirm for substantially the same reasons as those set forth in the district court's very thorough decision.

We have considered all of Hearn's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk